# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**ERWIN L. RUTH**                                               **PLAINTIFF**

v.                              **No. 5:13-cv-80-DPM-JTR**

**DONNY FORD,**
**Sheriff, Dallas County,** *et al.*                                **DEFENDANTS**

## ORDER

1.    Ruth has filed this *pro se* § 1983 action alleging that defendants have violated his constitutional rights at the Dallas County Detention Center. № 1, 8, 12 & 13. The Court must screen Ruth's allegations. 28 U.S.C. § 1915A.

2.    Ruth alleges that Dr. Elgin, Matt Parnell, Ronnie Higgins, and Tommy Stringfellow failed to provide him with adequate medical care for high blood pressure. Ruth has stated a viable inadequate-medical-care claim against these four defendants in their individual capacities. Thus, service will be ordered on them.

3.    The Clerk is directed to prepare a summons for Elgin, Parnell, Higgins, and Stringfellow. The U.S. Marshal is directed to serve the summons, complaint, amended complaint, second amended complaint, third

amended complaint, and this Order on each of them without prepayment of fees and costs or security. If any of the defendants is no longer a Dallas County employee, the individual responding to service must file the unserved defendant's last known private mailing address under seal.

**4.** Ruth's inadequate-medical-care claim against Elgin, Parnell, Higgins, and Stringfellow in their official capacities is actually a suit against Dallas County. *Parrish v. Ball*, 594 F.3d 993, 997 (8th Cir. 2010); *Jenkins v. County of Hennepin*, 557 F.3d 628, 631-32 (8th Cir. 2009). Ruth may proceed with a claim against Dallas County only if an official county policy, custom, or practice caused his injuries. *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *Jenkins*, 557 F.3d at 632. Ruth has not made any such allegations. His official-capacity claims are therefore dismissed without prejudice.

**5.** Although he has been instructed to do so, № 5, Ruth has not pleaded any specific facts suggesting that Ford, Vagauchie, Hayes, Vetter, McGee, Bennette, and Barker were personally involved in his medical care. Ruth's inadequate medical care claim against them fails and is dismissed without prejudice. *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *Parrish*, 594 F.3d at 1001.

6.      Ruth also alleges that defendants: (a) subjected him to a substantial risk of harm by failing to test him for tuberculosis and install tuberculosis lights; (b) violated his right to privacy by allowing trustees to view his jail file; (c) withheld his mail; (d) denied him yard call; and (e) retaliated against him for filing this lawsuit.  All these claims are improperly joined because they are factually and legally distinct from Ruth's inadequate medical care claim Elgin, Parnell, Higgins, and Stringfellow. FED. R. CIV. P. 20(a)(2) and 21; *Bailey v. Doe*, Case No. 11-2410, 2011 WL 5061542 (8th Cir. Oct. 26, 2011) (unpublished opinion).  Moreover, although he was instructed to do so, № 5, Ruth has not pleaded facts explaining how any of the named defendants were personally involved in his tuberculosis and privacy claims. *Ashcroft*, 556 U.S. at 676; *Parrish*, 594 F.3d at 1001.  Finally, Ruth's retaliation claim, and any other claims that arose after he filed this lawsuit on 7 March 2013, must be pursued in a new § 1983 action after Ruth has fully and properly exhausted his administrative remedies. 42 U.S.C. § 1997e(a); *Johnson v. Jones*, 340 F.3d 624, 627 (8th Cir. 2003); *Graves v. Norris*, 218 F.3d 884, 885 (8th Cir. 2000).  These claims are therefore dismissed without prejudice, so that Ruth may, if he chooses, pursue them in separately filed § 1983 actions.

\* \* \*

Ruth may proceed with his inadequate-medical-care claim against Elgin, Parnell, Higgins, and Stringfellow in their individual capacities only. Service on these defendants is ordered on that claim only. All other claims and defendants are dismissed without prejudice. The Court certifies that an *in forma pauperis* appeal from any portion of this Order would not be taken in good faith. 28 U.S.C. § 1915(a)(3).

So Ordered.

*[signature]*
D.P. Marshall Jr.
United States District Judge

17 April 2013